hAMY, J.,
dissenting in part.
I respectfully dissent from that portion of the majority opinion reversing the trial court’s exclusion of certain medical bills due to the plaintiffs’ counsel’s failure to comply with the pretrial scheduling order. While I agree with much of what is said in the majority’s discussion of this area, I do not agree that the trial court’s ruling is one requiring reversal.
La.Code Civ.P. art. 1551(C) permits a trial court to “make such orders as are just, including orders provided in Article 1471(2), (3), and (4)” when a party’s attorney fails to attend a pretrial conference or adhere to pretrial orders. Article 1471 provides, in part:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among other things the following:
[[Image here]]
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, han order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
Thus, in addition to crafting an order that is “just,” a trial court is left with several specific options as responses to a party who has failed to follow a pretrial order. The question at issue here is whether the trial court in this case could correctly refuse the plaintiffs’ counsel’s attempt to submit medical bills that clearly were not produced in a timely fashion. I find no *416 reversible error in the trial court’s determination.
In Benware v. Means, 99-1410 (La.1/19/00); 752 So.2d 841, the Louisiana Supreme Court recently concluded that there was no error in a trial court’s exclusion of all witnesses, exhibits,, and defenses by a defendant who had repeatedly failed to comply with pre-trial orders. At trial, the defendant could only cross-examine witnesses presented by the plaintiff and ultimately, judgment was entered against him. Reasoning that the “drastic” remedy relied on by the trial court was appropriate given the circumstances, the supreme court set forth several factors for crafting penalties for failure to follow a pretrial order, stating:
Other important considerations in determining the appropriateness of the penalty for a pre-trial order violation, in addition to the question of whether the client participated in the violation, are the stage of the proceeding at which the violation occurred, the presence or absence of prejudice to the opposing party’s preparation of the case, and the nature and persistency of the misconduct that constitutes the violation.
Id. at p. 6; 752 So.2d at 845. The supreme court further explained that “[e]ach case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial and discovery orders.” Id. at p. 5; 752 So.2d at 844.
While the plaintiffs’ attorney in the instant matter did not completely fail to follow the pretrial order as did the defendant in Benware, I do not conclude that the record reveals an abuse of the trial court’s much discretion in excluding the medical 13bills not turned over pursuant to the pre-trial order. The document entitled “Scheduling Order” submitted by the defendants in support of their motion to strike clearly indicates that the trial court ordered all exhibits and demonstrative aids, not merely exhibit lists, be exchanged seven days prior to trial. The record indicates that, insofar as these medical bills are concerned, the order was not complied with and were not turned over until several days before trial.
Furthermore, reference to the interrogatories and pre-trial discovery requests reveals that copies of the medical bills should have been turned over to the defendant long before the period described in the scheduling order. Thus, while the plaintiffs, themselves, may not have been involved in the failure to turn over the medical bills, other considerations explained by the supreme court in Benware indicate that the penalty imposed is not an abuse of the trial court’s much discretion. The violation in this case occurred immediately prior to trial, the potential for prejudice was high as the defendant did not have the full extent of the time-period provided by the court to consider the bills in preparing for trial, and the violation was, in a sense, continuing as the trial had been continued several times and the bills should have been turned over even prior to the period set forth by the court due to the defendant’s discovery requests.
In concluding that the trial court did not abuse its discretion in excluding the bills, I am mindful that the trial court’s reasoning in doing so was consistent with the purpose of pretrial procedure, i.e., avoidance of surprise and the orderly disposition of the case. See Theriot v. State Dep’t. of Wildlife and Fisheries, 94-1536 (La.App. 1 Cir. 4/7/95); 661 So.2d 986. In discussion with counsel for the plaintiffs, the triaj court observed:
THE COURT: Well, the thing is you have court rules for a Rreason, just like if somebody, you know, doesn’t file a brief or something like that. Say, well, you know, why can’t you listen to my argument and then just respond? I mean, it’s a matter of preparing and that’s — You know, different people operate different way, and the reasons for .that is so lawyers can prepare in advance. ...
*417 While less drastic penalties may have been available, or even advisable, I do not conclude that it is reversible error, under these facts, for a trial court to enforce its own order. To reverse here, undermines a trial court’s authority to set and enforce pretrial procedure and orders which are established for the fair and orderly progression of a case.
Accordingly, I dissent from that portion of the majority opinion reversing the trial court’s decision to exclude the contested medical bills. In all other respects, I concur.